**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CRAIG GREGORY,

        Petitioner,

v.                                        Case No. 3:15-cv-45-J-32MCR

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS and
FLORIDA ATTORNEY GENERAL,

        Respondents.
_____

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). He challenges his 2012 state court (Putnam County) judgments of conviction for dealing in stolen property (case no. 10-2513-CF); burglary of an unoccupied dwelling, grand theft from a dwelling, and obstructing an officer without violence (case no. 11-1575-CF); burglary of an unoccupied dwelling and criminal mischief (case no. 11-1635-CF); attempted burglary of an unoccupied dwelling and criminal mischief (case no. 11-1636-CF); dealing in stolen property and burglary of an unoccupied dwelling (case no. 11-1637-CF); and burglary of an unoccupied dwelling and dealing in stolen property (case no. 11-1639-CF). Petitioner was sentenced to a total term of imprisonment of 15 years. Respondents filed a Response to Petition (Doc. 6) and

Exhibits (Doc. 7). Petitioner was afforded an opportunity to file a reply but never did. See Orders (Docs. 5, 8, 13). The case is ripe for review.[1]

## II. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

"[A] federal court reviewing the judgment of a state court must first identify the last adjudication on the merits. It does not matter whether that adjudication provided a reasoned opinion because section 2254(d) 'refers only to a decision' and does not 'requir[e] a statement of reasons.'" Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016) (quoting Richter, 562 U.S. at 98), cert. granted, 137 S. Ct. 1203 (2017). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99 (citation omitted). When the last adjudication on the merits "'is unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show[] there was no reasonable basis for the

3

state court to deny relief.'" Wilson, 834 F.3d at 1235 (quoting Richter, 562 U.S. at 98). "'[A] habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court.'" Id. (quoting Richter, 562 U.S. at 102).

> When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state supreme court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.

Id. at 1239.[2]

## B. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within

---

[2] Wilson is currently before the Supreme Court. However, even under pre-Wilson AEDPA jurisprudence, the result here would be the same.

> the "wide range" of reasonable professional assistance. Id. at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.[]
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

Richter, 562 U.S. at 104; Marshall, 828 F.3d at 1284 (recognizing that to proceed on a claim of ineffective assistance of trial counsel, "the petitioner has to show both that his counsel's performance was deficient and that that deficient performance was prejudicial—that is, that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting Strickland, 466 U.S. at 687, 694)). Since both prongs of the two-part Strickland "test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)).[3]

---

[3] "[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. . . . [I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also Lee v. United States, 137 S. Ct. 1958, 1964-67 (2017).

"'The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" Marshall, 828 F.3d at 1285 (quoting Overstreet v. Warden, 811 F.3d 1283, 1287 (11th Cir. 2016)).

> "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, 562 U.S. at 86.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); see Knowles, 556 U.S. at 123.

### III. Analysis

Petitioner claims that his trial counsel was ineffective for failing to timely and properly convey a favorable plea offer. Petitioner raised this claim in a state court postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Ex. C at 1-10. The state filed a response, arguing that Petitioner's trial counsel "could not be ineffective for failing to relay an offer or rejecting an offer, which never existed." Id. at 16. The state court held an evidentiary hearing, at which Petitioner and his trial counsel testified and relevant exhibits were admitted into evidence. Id. at 92-159. After the hearing, the state court found as follows:

> On Ground One, Defendant asserts that the State made a five (5) year DOC offer to resolve all of his cases, which was indirectly rejected by Trial Counsel when Trial Counsel asked for a continuance during Defendant's pre-trial hearing on December 8, 2011.

6

Defendant provided a letter from Trial Counsel sent sometime before the December 8 pre-trial, which states: "We are still working on consolidating all of your cases together–there may be some more out there, apparently. The State's offer is 60 months DOC for everything." Then after the pre-trial, Defendant received a letter from Trial Counsel which states: "The State has finally made all its filing decisions on your cases. Unfortunately, their offer is for 15 years in State prison." Defendant contends that Trial Counsel was ineffective when he asked for a continuance without Defendant present, because that was the same as rejecting the five (5) year plea offer.

In response, the State claims that a five (5) year plea offer was never made on all six cases above but was contemplated only to resolve case 11-1575-CF-53.

At hearing, Defendant testified that he understood the five (5) year plea offer was for all of his cases, and was made some time prior to his December 8, 2011 Court date. He testified that he contacted Trial Counsel and informed him that he would take that offer. Then after December 8, 2011 he received the letter from Trial Counsel indicating that the offer was for 15 years to resolve all of his cases. Based on these circumstances, Defendant ultimately entered an open plea before the Court on February 9, 2012.

Trial Counsel testified at hearing that he worked to get the State to make a decision on all cases so a global offer could be made. While Trial Counsel's letter conveying the offer of five (5) years did not reference a case number, Trial Counsel testified that the five (5) year offer was for "everything" in case 11-1575-CF[,] . . . the only case for which the State had made an offer. Once the State decided to pursue all six (6) cases, the offer of fifteen (15) years was made and conveyed to Defendant.

. . . .

Trial Counsel's letter conveying the five (5) year offer could have been misconstrued by Defendant since there is no reference to a case number, and Defendant was aware that other charges were pending. However, Trial Counsel's testimony clearly shows that the five (5) year offer was for one

7

> case only, that the State had not made a decision on the other cases. Defendant is mistaken factually. The continuance of his pre-trial did not result in the State withdrawing the five (5) year offer. The State's offer, each time, was conveyed to Defendant. According to Defendant, he did accept the five (5) year offer, albeit through a misunderstanding. It is highly unlikely that Defendant's sentence would have been less than the fifteen (15) years imposed by the Court, given the multiple cases and multiple felonies with which he was charged. His score sheet provided for a minimum sentence of 168 months. The State's offer of fifteen (15) years DOC was not unreasonable. The Court finds that none of the three prongs in the test above have been met. Therefore, the Defendant's Ground One is denied.

Ex. C at 58-61 (internal citations and emphasis omitted). Petitioner appealed the denial of his postconviction motion, and the Fifth District Court of Appeal (DCA) per curiam affirmed the circuit court's decision without issuing a written opinion. Ex. D at 21. The Fifth DCA subsequently denied Petitioner's request for rehearing and issued its mandate.[4] Id. at 27-28. Therefore, there is a qualifying decision from the state appellate court to which this Court must apply AEDPA deference.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Even if this Court did not apply deference, the record reflects that the claim has no merit. Petitioner is not entitled to federal habeas relief.

Accordingly, it is

---

[4] Petitioner's "Motion for Rehearing and Motion to Recall the Courts Order" was denied, and his Motion for Rehearing En Banc was stricken as legally insufficient. Ex. D at 27.

**ORDERED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk shall enter judgment denying the Petition and dismissing this case with prejudice and thereafter close the file.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.[5] Because the Court has determined that a certificate of appealability is not warranted, the Clerk of Court shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 22nd day of January, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

---

[5] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court denies a certificate of appealability.

JAX-3 1/19
c:
Craig Gregory, #481623
Counsel of Record